**Karen E. NIELSON, Individually and as Guardian ad Litem for Brandon W. Jeffers, a Minor, Plaintiff,**

v.

**SUNSHINE MUTUAL INSURANCE COMPANY, Defendant.**

**No. CV–85–135–BLG–JFB.**

United States District Court,
D. Montana,
Billings Division.

June 26, 1986.

Vern Woodward, Billings, Mont., for plaintiff.

James L. Jones, Dorsey & Whitney, Billings, Mont., for defendant.

## OPINION AND ORDER

BATTIN, Chief Judge.

Presently pending before the Court is a declaratory judgment action to determine the applicable limit of liability under the uninsured motorist provision of the insurance policy issued to plaintiffs by defendant. For the reasons stated below, the Court finds the limit of liability is the "each person" limit of $25,000.00, and the same having been satisfied, judgment must be entered in favor of defendant.

## FACTS AND CONTENTIONS

Plaintiffs are the surviving heirs of a decedent killed in an automobile accident caused by an uninsured motorist. The parties also stipulate to certain other facts and agree the following issue of law is controlling: "Whether the applicable limit of liability under the uninsured motorist provisions of the policy is the $25,000.00 limit for 'each person' or the $50,000.00 limit for 'each accident'."

The pertinent provisions of the policy in question are contained in the declarations page, the insuring agreement of the uninsured motorist coverage, and the limits of liability applicable to such coverage. The declaration page states the policy provides uninsured motorist coverage in the amount of $25,000.00 each person and $50,000.00 each accident. The insuring agreement states, in part:

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

1. Sustained by a covered person; and

2. Caused by an accident.

The limit of liability provision states, in part:

The limit of liability shown in the Declarations for "each person" for Uninsured Motorist Coverage is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. This is the most we will pay regardless the number of:

1. Covered Persons:

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

It is undisputed that the plaintiffs and decedent are "covered persons" as that term is defined in the policy and that plaintiffs' damages resulted from the accident causing the decedent's death. Accordingly, plaintiffs maintain there are three recoveries of damages for the bodily injury suffered solely by the decedent, the survival action of the decedent brought through his personal representative and the wrongful death damages of the two surviving heirs. Mont.Code Ann. §§ 27–1–501, 27–1–513. Therefore, plaintiffs argue each person is entitled to recover $25,000.00 subject to the $50,000.00 limit per accident. In support, plaintiffs maintain the limit of liability language is ambiguous thereby requiring strict construction against the defendant and in favor of the plaintiffs.

## DISCUSSION

The issue of law presented is new to Montana and, for the most part, its sister states[1]. While there has been some interpretation of the question, there is a want of meaningful precedent.[2] Therefore, the Court resolves the issue according to ordinary principles of construction.

Under Montana law, the meaning of words of a contract and whether an ambiguity exists are questions to be determined in the first instance by the Court. *United States Fidelity and Guaranty Co. v. Newman*, 656 F.2d 457, 459 (9th Cir.1981). Furthermore, the intention of the parties is to be ascertained from the policy alone if possible and not otherwise inquired into unless there is an ambiguity on its face.

Mont.Code Ann. § 28–3–303; *Newman, supra, citing Schell v. Peters*, 147 Mont 21, 410 P.2d 152 (1966). Moreover, "[i]t is one thing to construe an ambiguity, and it is quite another to create one. The terms of the insurance policy should be given a practical and reasonable construction which support (sic) the intent of the parties. The Court should not attempt to revise the policy to increase the risk or extend liability just to accomplish a so-called good purpose." *Stillwater Condominium Association v. American Home Assurance Company*, 508 F.Supp. 1075, 1080 (D.C.Mont. 1981), *quoting Stearns-Roger Corp. v. Hartford Acc. & Indem. Co.*, 117 Ariz. 162, 571 P.2d 659, 662 (1977). Finally, this Court, in making the determination of the parties' intent, is not bound by any single provision or expression, but looks to the whole contract and its purpose. *St. Paul Fire and Marine Ins. Co. v. Cumiskey*, —— Mont. ——, 40 St.Reptr. 891, 665 P.2d 223 (1983).

Using these standards, the Court finds no ambiguity in the policy and concludes the reasonable and practical construction is the "each person" limitation proferred by the defendant. The Court finds the language plainly and clearly conveys that no coverage is provided to plaintiffs, although insureds, for injuries received by reason of bodily injury to another insured. Construing the policy as a whole, the coverage is meant for bodily injury sustained by an insured, in this case the decedent only. The plaintiffs' losses resulting from the accident are not bodily injuries for purposes of expanded limits of liability. The defendant having satisfied its obligation with regard to the "each person" limit, the

---

**1.** Only thirteen of fifty-one jurisdictions have considered the question in some form. For a list of decisions reported, see *Table*, Plaintiff's Brief in Support of Motion for Certification.

**2.** A majority of the decisions construed language from the 1966 Standard Form, as follows: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured high-

way vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle....

The limiting language at issue was adopted by the National Bureau of Casualty Underwriters in 1980 and appears in plaintiffs' policy as stated earlier. Because of the dissimilarity in the language employed those decisions construing the 1966 form are not highly persuasive.

Court will direct judgment in its favor. Therefore,

IT IS DECLARED that, under the terms and provisions of the insurance policy herein, the applicable limit of liability is the "each person" limit when one or more insureds claim injuries resulting solely from the bodily injury of another insured.

IT IS THEREFORE ORDERED that judgment be granted to defendant and against plaintiffs.

The Clerk is directed to enter judgment for defendant and against plaintiffs.

The Clerk is further directed to notify counsel for the respective parties of the making of this order.